IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DAVID RIDLEY OIL, LLC, an )
Oklahoma Limited Liability Company, )
 )
    Plaintiff, )
 )
vs. ) Case No. 16-CV-144-JHP
 )
SILVER CREEK OIL & GAS, LLC, )
a Delaware Limited Liability Company, )
 )
    Defendant. )

## OPINION AND ORDER

Before the Court is Defendant David Ridley Oil's opposed Motion to File Amended Counterclaim (Doc. No. 36). Defendant seeks to add a counterclaim related to water hauling costs incurred shortly after the fracking that is the subject of Plaintiff's claim. For the reasons explained below, Defendant's Motion is **DENIED**.

## BACKGROUND

Plaintiff originally filed suit on April 19, 2016, and Defendant filed its Answer on June 15, 2016. Plaintiff's Complaint alleges that, beginning on or about May 4, 2014, Defendant negligently fracked its well, resulting in invasion of Plaintiff's neighboring wells. The Complaint further alleges that, "For several months after the fracking occurred, Defendant continually and routinely removed its water and fracking fluid from Plaintiff's saltwater holding tanks and paid to dispose of it." (Doc. No. 3, ¶ 15). Defendant's Answer (Doc. No. 16) raises several affirmative defenses but no counterclaims. The deadline to amend pleadings passed on September 19, 2016. Discovery on Plaintiff's six claims—negligence, nuisance, trespass, invasion of correlative rights, unjust enrichment, and punitive damages—has been proceeding for approximately one year and is set to close on September 5, 2017, in less than three months.

1

Trial is set for November 1, 2017. Defendant filed this motion on May 25, 2017, approximately six weeks before dispositive motions were due.

Defendant seeks to add its counterclaim pursuant to Federal Rule of Civil Procedure 13(a)(1), which requires a pleading to state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction. Defendant argues that, since the filing of the pleadings in this case, it has learned that it was not required to haul the allegedly excess water from the frack for Plaintiff. Therefore, Defendant seeks to add a counterclaim for compensation from Plaintiff for the cost it incurred on Plaintiff's behalf. (*See* Doc. No. 36-1 (Defendant's Proposed Counterclaim)). Plaintiff opposes Defendant's proposed amendment (Doc. No. 39).

## DISCUSSION

An amendment to add a counterclaim under Rule 13 is subject to Rule 15, which governs amendments to pleadings generally. *See* Advisory Committee Notes to 2009 Amendment to Fed. R. Civ. P. 13; Fed. R. Civ. P. 15. Under Rule 15(a), "[e]xcept when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)). "The rule instructs courts to 'freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). The Rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted). Untimeliness alone may be a sufficient ground to deny leave to amend, "especially when the party filing the motion has no adequate explanation for the delay." *Id.* at 1365-66. Further, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* at 1366. The decision whether a party may file a supplemented pleading to assert a counterclaim out of time rests within the discretion of the trial court. *See Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson,* 625 F.3d 686, 691 (10th Cir. 2010).

Plaintiff argues the proposed amendment should be denied, because it is futile and would unduly prejudice Plaintiff. After consideration of the arguments, the Court concludes Defendant's proposed amendment would be subject to dismissal and therefore futile. The Court further concludes Defendant has engaged in undue delay in attempting to raise this claim.

"A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). To withstand dismissal, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Tenth Circuit has stated that "plausibility" in

this context refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 569). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Here, Defendant's proposed counterclaim must fail because the proposed counterclaim provides no allegations that outline the legal basis for its counterclaim. According to the proposed counterclaim, "Defendant agreed to pay to have allegedly excess water from the frac hauled away for Plaintiff" after the frac which is the subject of Plaintiff's claim. (Doc. No. 36-1, ¶ 1). Although Defendant's Reply brief identifies an affidavit signed by David Ridley on August 11, 2014 (the "Ridley Affidavit") as the factual basis for the claim, neither Defendant's Motion to Amend nor its Reply attempts to explain the legal basis for filing an amended answer. It is entirely unclear from the proposed amendment whether the claim sounds in tort or contract. Defendant's proposed counterclaim alleges no wrongdoing whatsoever by Plaintiff. Instead, Defendant alleges it "agreed to pay" to have excess water hauled away for Plaintiff and then later learned it "was not required" to do so and seeks compensation for those costs. (Doc. No. 36-1). Defendant's complete failure to state the legal basis for its claim would subject the claim to dismissal. It is therefore futile. Because Defendant's proposed amendment would be futile, Defendant's Motion to Amend Counter-Claim is denied.

Even if Defendant were to provide a legal basis for its proposed counterclaim, the Court would still deny Defendant's proposed counterclaim based on its undue delay in raising the claim and the resulting prejudice to Plaintiff in delaying the resolution of this case. In its Reply brief, Defendant attempts to explain that it acted diligently upon discovery of documents demonstrating it was not required to haul water for Plaintiff. In particular, Defendant points to the Ridley Affidavit, in which Ridley states that "by August 11, 2014, his water production was reduced to 200 barrels per day, down from 400 barrels per day." (Doc. No. 43, at 2). Based on this evidence, Defendant argues that Plaintiff's claim of excess water production was either incorrect or overstated.

Defendant states it made the request to amend "as soon as it was practicable" after reviewing the "voluminous number of documents" in this case. (Doc. No. 43, at 2). However, Plaintiff counters in its Surreply brief that the Ridley Affidavit was produced as part of discovery in this case on August 31, 2016, nearly nine months prior to Defendant's filing of this motion. (*See* Doc. No. 47-7 (Ridley Affidavit); Doc. No. 47-8 (Plaintiff's Response to Defendant's First Set of Interrogatories and Requests for Production of Documents)). Plaintiff further indicates that the August 31, 2016, production of the Ridley Affidavit was the *fourth* time the Ridley Affidavit was made available to Defendant. The Ridley Affidavit was previously produced or presented to Defendant in two causes before the Oklahoma Corporation Commission on August 22, 2014; May 6, 2016; and August 12, 2016. (*See* Doc. Nos. 47-1 to 47-6). Defendant has no explanation for the lengthy delay. Therefore, it is apparent that Defendant did not act diligently to pursue its claim based on evidence that has been available to it for more than two years. Permitting Defendant's proposed counterclaim at this late stage of this case would require an extension of all deadlines and delay of the trial date, which is prejudicial to Plaintiff.

## CONCLUSION

For the reasons detailed above, Defendant's Motion to File Amended Counterclaim (Doc. No. 36) is **DENIED.**

DATED this 29th day of June, 2017.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma